**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CALVIN HIRSCH,

        Petitioner,                       Case Number: 2:07-CV-15079

v.                                               HON. VICTORIA A. ROBERTS

BLAINE LAFLER,

        Respondent.
_____/

## OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS AND (2) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY

Petitioner Calvin Hirsch is currently incarcerated at the Carson City Correctional Facility in Carson City, Michigan. He has filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his convictions for first-degree murder, assault with intent to commit murder, and two counts of felony-firearm. For the reasons set forth below, the Court denies the petition.

I.

Following a jury trial in Oakland County Circuit Court, Petitioner was convicted of the above-listed offenses. On April 24, 1997, he was sentenced to concurrent terms of life imprisonment for the first-degree murder and assault with intent to murder convictions, to be served consecutively to two years' imprisonment for the felony-firearm convictions.

Petitioner did not file a timely request for appellate counsel. Therefore, he forfeited his right to direct appeal. Subsequently appointed appellate counsel filed an application for delayed appeal in the Michigan Court of Appeals, raising the following claims:

> I. Mr. Hirsch was denied his federal constitutional right to due process of law when the prosecutor forced Rhonda Long to testify to particular facts, under threat of a perjury charge.
>
> II. Mr. Hirsch was denied his federal constitutional right to a fair trial and due process of law, when the prosecutor elicited inadmissible opinion testimony from police officers that Rhonda Long was in fact present at the time of the offense, and that Ms. Long was in fact threatened by defendant not to testify.
>
> III. The prosecutor's misconduct denied Mr. Hirsch his federal constitutional rights to a fair trial and due process of law.

The Michigan Court of Appeals denied leave to appeal. *People v. Hirsch*, No. 211070 (Mich. Ct. App. Feb. 12, 1999).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised before the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal, *People v. Hirsch*, No. 114399 (Mich. Nov. 30, 1999), and denied a subsequent motion for reconsideration. *People v. Hirsch*, No. 114399 (Mich. Jan. 31, 2000).

On September 16, 2004, Petitioner filed a motion for relief from judgment in the trial court. The trial court denied leave to appeal. *People v. Hirsch*, No. 96-149362-FC (Oakland County Circuit Court Apr. 6, 2005). Petitioner filed applications for leave to appeal the trial court's decision in the Michigan Court of Appeals and Michigan Supreme Court. Both Michigan appellate courts denied leave to appeal. *People v. Hirsch*, No. 264334 (Mich. Ct. App. March 16, 2006); *People v. Hirsch*, No. 131116 (Mich. Nov. 29, 2006).

On November 27, 2007, Petitioner filed the pending petition for a writ of habeas corpus.

II.

Respondent argues that the petition should be denied on the ground that it was not timely filed.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") imposes a one-year limitations period on habeas corpus petitions. A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Where a prisoner's conviction became final prior to the effective date of the AEDPA, the prisoner is permitted one year from the AEDPA's effective date to file a petition for habeas corpus relief in federal court. *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999). In addition, the time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). However, a properly filed application for state post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

In this case, Petitioner's time for filing a petition for a writ of certiorari in the United States Supreme Court began to run on February 1, 2001, the day after the Michigan Supreme Court denied his motion for reconsideration of its order denying leave to appeal his conviction. *Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000) (citing Supreme Court Rule 30 which states that in calculating the ninety-day window for filing a petition for writ of certiorari, "the day of the act, event, or default from which the designated period begins to run is not included"). The ninety-day period during which Petitioner could petition for a writ of certiorari concluded on May 1, 2001. The last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions. *Id.* at 285. Accordingly, the limitations period commenced on May 2,

2001.  The limitations period continued to run, uninterrupted, until it expired on May 2, 2002.

Petitioner sought further state collateral review of his conviction by filing a motion for relief from judgment in the trial court.  However, Petitioner's motion for relief from judgment was not filed until September 16, 2004, over two years after the limitations period already had expired.  Thus, the petition is untimely.

Petitioner has failed to allege any circumstances which would warrant equitable tolling of the limitations period.  Accordingly, Petitioner's application for a writ of habeas corpus is barred by the one-year statute of limitations.

### III.

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination.  *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).  The Court concludes that it is presently in the best position to decide whether to issue a COA.  *See id.* at 901, (*quoting Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir.1997)), overruled in part on other grounds by *Lindh v. Murphy*, 521 U.S. 320 (1997)) ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to

4

deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition is untimely.  Therefore, the Court denies a certificate of appealability.

IV.

For the foregoing reasons, the Court concludes that the habeas corpus petition was filed outside the one-year limitations period prescribed in 28 U.S.C. § 2244 (d)(1)(A).  Accordingly,

**IT IS ORDERED** that the petitioner for a writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  November 26, 2008

The undersigned certifies that a copy of this document was served on the attorneys of record and Calvin Hirsch by electronic means or U.S. Mail on November 26, 2008.

s/Linda Vertriest
Deputy Clerk